UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOSEPH RAIMONDO,**

    **Plaintiff,**

v.

    Case No. 21-10854
    Honorable Denise Page Hood

**UNITED STATES OF AMERICA, et al.,**

    **Defendants.**

_____/

**ORDER GRANTING MOTIONS TO DISMISS, DENYING AS MOOT
MOTION FOR AN ORDER THAT MACOMB COUNTY DEFENDANTS BE
SERVED BY WAIVER OF SUMMONS SERVICE AND
ENJOINING PLAINTIFF FROM FILING FURTHER ACTIONS
WITHOUT FIRST OBTAINING PERMISSION**

**I.    BACKGROUND**

This matter is before the Court on a Motion to Dismiss filed by David Coenen, Ben Delecke, Village of Armada Government and Marvin Wolak (Armada Village Defendants) (ECF No. 14). Defendants Mark Hackel, Frank Krycia, Macomb County Corporate Counsel Legal Firm and Macomb County Government (Macomb County Defendants) also filed a Motion to Dismiss. (ECF No. 17) In addition, Defendants United States of America and Department of Justice filed a Motion to Dismiss. (ECF No. 36)

On April 5, 2021, Plaintiff Joseph Raimondo filed a Complaint against several

Defendants. Plaintiff seeks to relitigate the dismissed cases he filed in this District related to zoning disputes with the Village of Armada involving Plaintiff's property, a raid on Plaintiff's property in April 1998, and a foreclosure action against Plaintiff's property. Specifically, Plaintiff cited the April 6, 1998 actions by Defendants in his Complaint claiming that Defendants violated the law, and that officers of the court violated Attorney Ethics rules defending Defendants in the previous litigation. (ECF No. 1, PageID.2) Plaintiff's current Complaint is essentially a motion for relief under Rule 60(b) of the Rules of Federal of Civil Procedures to invalidate all finality of judgments due to fraud on the court. *Id*.

Plaintiff has filed several cases in this District: 01-71353, *Raimondo, et al. v. Armada Village, et al.;* 02-71696, *Raimondo et al. v. Armada Village, et al.;* 03-71972, *Raimondo et al. v. Fritz Builders, Inc., et al.*; 03-72991, *Raimondo, et al. v. State of Michigan, et al.;* 04-74287, *Raimondo et al. v. Myers, et al.;* 06-15007, *Raimondo v. Hood*; 10-15107 *Raimondo v. Hood*; and, 13-14773, *Raimondo v. Armada Village et al.* Plaintiff also filed a case before the United States District Court for the Western District of Missouri, *Raimondo v. U.S. District Chief Judge Denise Page Hood, et al.* Case No. 17-cv-04254-NKL (*Supreme Court cert. denied, Raimondo v. Hood,* 140 S. Ct. 986 and 140 S.Ct. 526.) As noted above, the cases relate to the actions by certain Defendants on April 1998, and/or challenges to the

2

court's various orders and rulings.

## II. ANALYSIS

### A. *Pro Se* Standard of Review

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, the Supreme Court has "never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States,* 508 U.S. 106, 113 (1993). Indeed, a *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984). Courts have refused to excuse *pro se* litigants who failed to follow basic procedural requirements such as meeting "readily comprehended" court filing deadlines. *E.g., Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Eglinton v. Loyer,* 340 F.3d 331, 335 (6th Cir. 2003). Likewise, courts have also refused to grant special or preferential treatment to *pro se* parties in responding to summary judgment motions. *Brock v. Hendershott,* 840 F.2d 339, 343 (6th Cir.1988).

### B. *Res Judicata* and Rule 60(b)

Plaintiff's Complaint essentially seeks an order reconsidering and overturning various Orders and Judgments issued by the undersigned and other judges under Rule

60(b). Previous rulings were made applying *res judicata* to any subsequently-filed cases related to the April 1998 incident:

> Defendants also claim that Plaintiff Complaint is barred by *res judicata*. Under the doctrine of *res judicata* or claim preclusion, a final judgment on the merits precludes a party from relitigating claims that were or which could have been asserted in an earlier action between the same parties. *Federated Dep't Stores, Inc. v. Moitie,* 434 U.S. 394, 398 (1981), *Sanders Confectionery Prods., Inc. v. Heller Fin, Inc.,* 973 F.2d 474, 480 (6th Cir. 1992). *Res judicata* is established by four elements: 1) a final decision on the merits in an earlier action by a court of competent jurisdiction; 2) the later action involves the same parties or their privies; 3) the later action raises issues that were or could have been asserted in the earlier action; and 4) there is an identity of the causes of action. *Sanders Confectionery*, 973 F.2d at 480. As to the first element, the Court entered a final decision on the merits in the earlier cases, Case Nos. 01-CV-71353-DT and 02-CV-71696-DT. As to the second element, some of the parties are the same. Although some of the parties are not the same, the newly-named Defendants were counsel to the parties in the previous lawsuits. Although the claims in the instant suit are based on alleged libelous writings by Defendants, Plaintiff's Complaint also seeks to revisit the claims involving zoning issues and the police raid on his property, which have been ruled-upon by the Court in the previous lawsuits, as noted above. Inasmuch as Plaintiff is seeking review of the Court's previous rulings in the prior lawsuits, those claims are barred by *res judicata*.

*Raimondo v. Myers*, No. 04-CV-74287-DT, 2005 WL 2777001, at *3 (E.D. Mich. Oct. 25, 2005); *Raimondo v. Hood*, No. 2:17-04254-CV-C-NKL, 2018 WL 3118623, at *3 (W.D. Mo. June 25, 2018), aff'd, No. 18-2992, 2019 WL 1306140 (8th Cir. Feb.

20, 2019).

In the Western District of Missouri case, the court found "unavailing" Plaintiff's argument that *res judicata* should not apply because he alleges a fraud on the court claim,

> This argument is unavailing. Rule 60(b)(3) authorizes only a motion for relief from a final judgment, not an independent action. 11 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil § 2865 (3d ed. 2012) ("Relief under Rule 60(b) ordinarily is obtained by motion in the court that rendered the judgment."). The proper course for Plaintiff to seek relief from the judgments under Rule 60(b)(3) was to file a motion in the court that rendered the judgment.

*Raimondo*, 2018 WL 3118623, at *3. This court finds that Plaintiff's Complaint must be dismissed for failure to state a claim because there is no independent cause of action for a Rule 60(b) claim. In any event, Rule 60(b) provides no relief to Plaintiff. Rule 60(b) of the Federal Rules of Civil Procedures provides that,

> [T]he court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;

>or
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The standard under Rule 60(b) is significantly higher than the Rule 59(e) standard. *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998). Motions based on Rule 60(b)(1), (2) and (3) must be filed no more than a year after the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). Under the catch-all provision in subsection (6), the Sixth Circuit has held that a Rule 60(b)(6) motion must be based upon some reason other than those stated in subsections (1) to (5). *Smith v. Secretary of Health and Human Services*, 776 F.2d 1330, 1333 (6th Cir. 1985). Extraordinary circumstances are needed to grant relief under Rule 60(b)(6). *Id.*

Plaintiff alleges "new evidence" under Rule 60(b)(2) and specifically raises "fraud in the court" under Rule 60(b)(3) in his "Complaint." However, as expressly noted by the Rule, motions based on (1), (2) and (3) must be filed no more than a year after the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). Plaintiff's claims under Rule 60(b)(2) and misrepresentation and fraud under Rule 60(b)(3) are untimely. The Court finds none of the judgments are void, and so Rule 60(b)(4) does not apply. As to any argument under Rule 60(b)(5) that previous orders and judgment are no longer equitable, the rule provides no such relief. Rule 60(b)(5)'s equitable provision is intended to apply to injunctions, declaratory judgments or other equitable

orders. *See Northridge Church v. Charter Twp. of Plymouth,* 647 F.3d 606, 613 (6th Cir. 2011); *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 364-65 (6th Cir. 1990); *Stokors S.A. v. Morrison,* 147 F.3d 759, 762 (8th Cir. 1998); *Kirby v. Memphis Security Co.*, No. 01-CV-151, 2003 WL 22509412 at *8 (E.D. Tenn. Nov. 5, 2003). As noted above, the undersigned and other judges have dismissed Plaintiff's cases on the merits or based on *res judicata*. The Court will not consider the motion or "Complaint" under the catch-all provision under Rule 60(b)(6) since the reasons argued by Plaintiff are based on the other subsections of the rule as noted above, specifically Rule 60(b)(3).

However, courts have held that "fraud upon the court" is not constrained by the one-year time limit. Plaintiff's claim that a defendant in the previous cases, Lieutenant Baumgarten submitted a fraudulent affidavit in support of the April 1998 warrants and raid. An allegation of the perjury of a witness does not suffice to constitute "fraud upon the court." *H.K. Porter Co., v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1118 (6th Cir.1976). Rather, "an officer of the court" must commit fraudulent conduct for a fraud-on-the-court claim to be legally cognizable. *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir.1994); *Preferred Properties, Inc. v. Indian River Ests., Inc.*, 214 F. App'x 538, 540 (6th Cir. 2007).

The elements of fraud upon the court as consisting of conduct: 1) on the part of

an officer of the court; 2) that is directed to the "judicial machinery" itself; 3) that is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth; 4) that is a positive averment or is concealment when one is under a duty to disclose; and, 5) that deceives the court.

Plaintiff alleges that various defense counsel knew that the affidavit submitted by Lieutenant Baumgarten in connection with the warrants and seizure of the properties back in April 1998 was false. Plaintiff has not submitted any evidence, other than his belief and allegations, to show that these defense counsel knew that any affidavit submitted in connection with the cases in federal court was false. Plaintiff does not point to any document or statements made by any defense counsel on the record that they knew such were false or that they were wilfully blinded to the truth or that they were in reckless disregard to the truth. It is noted that the various court orders dismissing various defendants in the previous cases, specifically the law enforcement officer defendants, were based on qualified immunity and/or governmental immunity. Any underlying affidavits submitted in support of the warrants and seizure on April 1998 were not an issue before the court in that the court's rulings were based on the individual law enforcement officer's status as a state actor in a Section 1983 civil rights case. Plaintiff has not presented facts in the record supporting his allegation that various defense counsel submitted fraudulent documents

to the court which were intentionally false, wilfully blind to the truth, or in reckless disregard for the truth, that were positive averments which these defense counsel had a duty to disclose, and that such deceived the court.

Liberally construing Plaintiff's Complaint and other documents, the court finds that Plaintiff is not entitled to relief under any of the provisions of Rule 60(b). The court will not reconsider its previous decisions either applying *res judicata* or dismissing the cases based on the merits. Plaintiff's Complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted. The court finds that Plaintiff's fraud on the court argument, both under Rule 60(b)(3) and the catch-all provision, is without merit.

### C. Writ of Mandamus

Defendants United States and the Department of Justice (Federal Defendants) filed a Motion to Dismiss under Rule 12(b)(6) for failure to state a claim. The Federal Defendants argue that Plaintiff appears to be seeking mandamus relief to order the Department of Justice to investigate the events of 1998 and aftermath, including the other Defendants' actions and submissions to various courts. The Federal Defendants also argue that the claims against Defendant Jeffery P. Ray should also be dismissed.

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than

'formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

A Writ of Mandamus filed under 28 U.S.C. § 1361 provides the district court with mandamus jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To obtain relief under § 1361, an individual must establish a clear right to relief and that a federal employee has a clear, nondiscretionary duty to act. *Heckler v. Ringer,* 466 U.S. 602, 616-17 (1984); *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir.1995); *Ryon v. O'Neill,* 894 F.2d 199, 205 (6th Cir.1990); *Budrow v. Leffler*, 86 F. App'x 899, 900 (6th Cir. 2004). If the duty is discretionary, the duty is not owed to the plaintiff. *Ryon,* 894 F.2d at 205 (citations omitted).

The Supreme Court has recognized on several occasions that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion. *Heckler,* 470 U.S. at 831; *see United States v. Batchelder*, 442 U.S. 114, 123–124 (1979); *United States v. Nixon*, 418 U.S. 683, 693 (1974). "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General. Mandamus will not lie to control the exercise of this discretion." *Peek v. Mitchell*, 419

10

F.2d 575, 577 (6th Cir. 1970)(quotation omitted). "The attorney for the United States is an ... executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case. It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions." *Id*.

As noted by Plaintiff, the federal civil case in the Western District of Missouri was dismissed based on *res judicata*. (Comp. ¶ 109; ECF No. 60, PageID.24) The United States Attorney filed an appearance in that case. Plaintiff alleges that, "Defendant United States and the Department of Justice need address those facts." (Comp. ¶ 94; ECF No. 1, PageID.36) He further alleges, "Defendant's Conformational Bias towards Plaintiff prevented Defendants United States et al." from processing verified presented facts alleged by Plaintiff. (Comp. ¶ 109; ECF No. 1, PageID.41) Plaintiff claims that the Federal Defendants have refused to address any possibility of fraud based that Defendants Macomb County and the Village of Armada were carrying a scheme of intentional fraud upon the court to shield public corruption. (Comp. ¶ 119; ECF No. 1, PageID.42) Plaintiff asserts that Defendants United States, Department of Justice, and Jeffery P. Ray breached a legal duty with Plaintiff, a

11

taxpayer, when they entered into litigation in the Federal Civil Case (W.D. of Missouri case) and that they failed to perform an inquiry into those verified alleged facts of fraud upon the court presented in that case. (Comp. ¶¶ 124, 135; ECF No. 1, PageID.43 and .45)  Plaintiff also seeks an order that the United States resolve a tax dispute with Plaintiff. (Comp. ¶ 144; ECF No. 1, PageID.45)

It is clear from case law precedent set forth above that the court has no authority to order the Attorney General or the United States Attorney to investigate or prosecute a civil or criminal matter.  The constitutional separation of powers do not allow the courts to interfere with the discretionary powers of the attorneys of the United States to investigate or prosecute a civil or criminal matter, or otherwise resolve an agency matter.  The court cannot issue a writ of mandamus or any other order, to compel the Federal Defendants to investigate the matters alleged by Plaintiff.  The court also has no authority to review any ruling issued by another federal court in another district. Liberally construing Plaintiff's Complaint and other documents, the court finds that the claims against the United States, the Department of Justice and Attorney Jeffery P. Ray must be dismissed based on failure to state a claim under Rule 12(b)(6) and *res judicata* as discussed above.

### D.     Sanctions

Defendants seek sanctions against Plaintiff to be permanently enjoined for filing

future cases in light of the various actions Plaintiff has filed in this District and in the Western District of Missouri.

The Sixth Circuit has held that district courts may properly enjoin vexatious litigants from filing further actions against a defendant without first obtaining leave of court. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *see also*, *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers,* 141 F.3d at 269. A district court need only impose "a conventional prefiling review requirement." *Id*. The traditional tests applicable to preliminary injunction motions need not be applied since the district court's prefiling review affects the district court's inherent power and does not deny a litigant access to courts of law. *See In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984). A prefiling review requirement is a judicially imposed remedy whereby a plaintiff must obtain leave of the district court to assure that the claims are not frivolous or harassing. *See e.g.*, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). Often, a litigant is merely attempting to collaterally attack prior unsuccessful suits. *Filipas*, 835 F.2d at 1146.

In light of Plaintiff's previous actions filed in this District and in the Western District of Missouri, the court finds appropriate that the Plaintiff must first obtain

13

permission to file any new action in order to assure that the claims are not frivolous or harassing. Most of Plaintiff's claims relate to the action taken by some of the Defendants in April 1998. Plaintiff is enjoined from further filing new actions in this District without permission from the judge randomly assigned to any new proposed complaint.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Dismiss in Lieu of Responsive Pleading and for Sanctions filed by Defendants David Coenen, Ben Delecke, Village of Armada Government and Marvin Wolak (Armada Village Defendants) **(ECF No. 14)** is GRANTED. These Defendants are DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Motion to Dismiss in Lieu of Responsive Pleadings filed by Defendants Mark Hackel, Frank Krycia, Macomb County Corporate Counsel Legal Firm and Macomb County Government (Macomb County Defendants) **(ECF No. 17)** is GRANTED. These Defendants are DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Defendants United States of America and Department of Justice **(ECF No. 36)** is GRANTED. These Defendants, along with Defendant Jeffery P. Ray, are DISMISSED with

prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion for an Order that Macomb County Defendants Served by Waiver of Summons Service **(ECF No. 19)** is DENIED as MOOT.

IT IS FURTHER ORDERED that this action is **DISMISSED** with prejudice as to all Defendants noted above and remaining Defendant Lynn Baumgarten. This action is designated as **CLOSED** on the docket.

IT IS FURTHER ORDERED that Plaintiff Joseph Raimondo is **ENJOINED** from filing any new action without first obtaining permission. Plaintiff must first file an application/motion for permission to file a new case with the Clerk's Office, attaching a copy of the proposed complaint. A miscellaneous case number will then be assigned by the Clerk's Office. The judge randomly assigned to the miscellaneous case will then rule on the application or motion for permission to file.

s/Denise Page Hood<br>
DENISE PAGE HOOD<br>
UNITED STATES DISTRICT JUDGE

Dated: August 19, 2022