UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOSEPH RAIMONDO,**

    **Plaintiff,**

                                          **Case No. 21-10854**

v.

                                          **Hon. Denise Page Hood**

**UNITED STATES OF AMERICA et al.,**

    **Defendants.**

_____/

**<u>ORDER GRANTING MOTION TO DISMISS NOTICE OF APPEAL (#47)</u>**

      On August 19, 2022, the Court entered a Judgment and an Order Granting Motions to Dismiss. (ECF Nos. 40, 41). The Court thereafter entered an Order Denying Motion to Amend and Reconsider on February 8, 2023. (ECF No. 43) Plaintiff filed a Notice of Appeal to the United States Supreme Court on March 1, 2023. (ECF No. 44) This matter is now before the Court on a Motion to Dismiss Notice of Appeal under Supreme Court Rule 18.5 filed by Defendants David Coenen, Ben Delecke, Village of Armada Government and Marvin Wolak. (ECF No. 47, filed May 15, 2023) These Defendants seek to dismiss the Notice of Appeal to the Supreme Court because Plaintiff Joseph Raimondo failed to timely file, within sixty (60) days from the filing of the Notice of Appeal, a jurisdictional statement with the Supreme Court as required under Supreme Court Rule 18.3. Defendants submitted Exhibit A

to show that Raimondo's appeal had not been placed on the Supreme Court's docket. To date, no response opposing the motion has been filed by Plaintiff Joseph Raimondo.

The Rules of the Supreme Court provides:

1.  When a direct appeal from a decision of a United States district court is authorized by law, the appeal is commenced by filing a notice of appeal with the clerk of the district court within the time provided by law after entry of the judgment sought to be reviewed. The time to file may not be extended. The notice of appeal shall specify the parties taking the appeal, designate the judgment, or part thereof, appealed from and the date of its entry, and specify the statute or statutes under which the appeal is taken. A copy of the notice of appeal shall be served on all parties to the proceeding as required by Rule 29, and proof of service shall be filed in the district court together with the notice of appeal.

* * *

3.  No more than 60 days after filing the notice of appeal in the district court, the appellant shall file 40 copies of a jurisdictional statement and shall pay the Rule 38 docket fee, except that an appellant proceeding in forma pauperis under Rule 39, including an inmate of an institution, shall file the number of copies required for a petition by such a person under Rule 12.2, together with a motion for leave to proceed in forma pauperis, a copy of which shall precede and be attached to each copy of the jurisdictional statement. The jurisdictional statement shall follow, insofar as applicable, the form for a petition for a writ of certiorari prescribed by Rule 14, and shall be served as required by Rule 29. The case will then be placed on the docket. It is the appellant's duty to notify all appellees promptly, on a form supplied by the Clerk, of the date of filing, the date the case was placed on the docket, and the docket number of the case. The notice shall be served as required by Rule 29. The appendix shall include a copy of the notice of appeal showing the date it was filed in the district court. For good cause, a Justice may extend the time to file a jurisdictional statement for a period not

exceeding 60 days. An application to extend the time to file a jurisdictional statement shall set out the basis for jurisdiction in this Court; identify the judgment sought to be reviewed; include a copy of the opinion, any order respecting rehearing, and the notice of appeal; and set out specific reasons why an extension of time is justified. For the time and manner of presenting the application, see Rules 21, 22, and 30. An application to extend the time to file a jurisdictional statement is not favored.

* * *

5. After a notice of appeal has been filed in the district court, but before the case is placed on this Court's docket, the parties may dismiss the appeal by stipulation filed in the district court, or the district court may dismiss the appeal on the appellant's motion, with notice to all parties.

U.S. Sup. Ct. R. 18. A dismissal under Rule 18.5 is discretionary, "as the untimely filing of a jurisdictional statement is not considered a jurisdictional defect divesting of the [Supreme] Court of legal authority to entertain an appeal." *Hawthorne v. Hurley*, 762 F. Supp. 1475, 1477 (M.D. Ala. 1991) (citing, *Communist Party of Indiana v. Whitcomb*, 414 U.S. 441, 446 n. 4 (1974); *Johnson v. Florida*, 391 U.S. 596, 598 (1968) (per curiam); *United Public Workers v. Mitchell*, 330 U.S. 75, 84–85 & nn. 13–14 (1947)).

The Court finds that more than 60 days have now elapsed from Plaintiff's filing of the Notice of Appeal to the Supreme Court on March 1, 2023. Defendants have supported their motion in that the appeal has not been docketed in the Supreme Court. Plaintiff has not submitted a response opposing Defendants' motion and has not

3

submitted any documents showing he has otherwise complied with Supreme Court Rule 18.3. It appears Plaintiff failed to file a jurisdictional statement in the Supreme Court within the 60 days required by Supreme Court Rule 18.3 and that the time to file such has not been extended by the Supreme Court. The Court will exercise its discretion under Supreme Court Rule 18.5 in granting Defendants' Motion to Dismiss Notice of Appeal to the Supreme Court in that Plaintiff failed to timely submit the jurisdictional statement in the Supreme Court as required by Supreme Court Rule 18.3.

Accordingly,

IT IS ORDERED that Defendants' Motion to Dismiss Notice of Appeal (ECF No. 47) is GRANTED. The Notice of Appeal to the Supreme Court (ECF No. 44) is DISMISSED.

*s/Denise Page Hood*
DENISE PAGE HOOD
United States District Judge

DATED: June 13, 2023